UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Fred Freeman, # 235180, | ) | C/A No. 9:11-cv-01421-DCN-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| John R. Pate, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). See 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). However, even when considered under this less stringent standard, the Petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This is Petitioner's third § 2254 Petition addressing burglary, possession of burglary tools, and petit larceny convictions entered on a Berkeley County jury verdict in July 1996. His initial § 2254 petition was dismissed by this Court with prejudice because it was untimely. *Freeman v. South Carolina*, Civil Action No. 0:06-2233- DCN (D.S.C.). That result was affirmed on appeal to the Fourth Circuit Court of Appeals. *Freeman v. South Carolina*, No. 07-6793, 2007 WL 4142813 (4th Cir. Nov. 21, 2007). Petitioner's second § 2254 petition was dismissed as successive on March 17, 2011. *Freeman v. State of South Carolina*, Civil Action No. 9:11-00344-DCN (D.S.C.). In the instant action, Petitioner asks the Court to vacate his sentence. ECF No. 1-3, page 15. However, there is nothing in the Petition filed in this case indicating that Petitioner requested and received authorization to file this case before it was submitted to this Court. Further, the Petition filed in this case appears to be a successive petition since it raises claims against the validity of the 1996 convictions, which could have been brought in the first habeas case. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).[1]

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes

---

[1] The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriquez v. Johnson*, 104 F.3d 694, 697 n.1 (5th Cir. 1997); *Anderson v. Bell*, No. 3:06-349, 2006 WL 2559524 (M.D. Tenn. June 15, 2006). Since the dismissal of Petitioner's first petition as untimely was a consideration "on the merits," the Petition filed in this case should be deemed successive. *See Simmons v. Cummins*, No. 2:10-CV-28-ID, 2010 WL 582091 (M.D. Ala. Jan. 15, 2010)(collecting cases).

2

regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). The "gatekeeping" mechanism created by the AEDPA added section 2244(b)(3)(A), which provides that, before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. Hence, under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[2]

Because Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file this Petition in the district court this Court does not have jurisdiction to consider Petitioner's successive challenge of the 1996 Berkeley County Convictions. Therefore, to the extent Petitioner asks this Court to vacate his sentences, the instant action is subject to summary dismissal without service of process on the Respondent. *See Romandine v. U.S.*, 206 F.3d 731, 734 (7th Cir. 2000); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000); *U.S. v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997).

---

[2] Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

3

In addition to asking this Court to vacate his sentence, Petitioner also appears to challenge the South Carolina Department of Corrections' (SCDC) calculation of one of his concurrent sentences.[3] ECF No. 1-3, page 5. Petitioner indicates that, on July 9, 1996, in the Berkeley County Court of General Sessions, he received concurrent sentences of: (1) thirty days incarceration for the offense of petit larceny; (2) five years imprisonment for the offense of possession of burglary tools; and (3) twenty years imprisonment for the offense of burglary, first degree. *Id.* at 1. Petitioner claims that all of his sentences should have commenced on February 12, 1996. *Id.* at 5. However, SCDC's records were allegedly changed to reflect a sentence start date of July 9, 1996, for Petitioner's petit larceny conviction. *Id.* Petitioner attaches to his pleading an SCDC Offender Management System Conviction Summary, which indicates a projected completion date of August 8, 1996, for the petit larceny offense. ECF No. 1-1, page 10. Petitioner's sentence for possession of burglary tools was projected to end on October 15, 1998, and Petitioner's longest concurrent sentence, for burglary first degree, is projected to end on February 7, 2013. *Id.*

A petitioner seeking to challenge his detention through a federal habeas action must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3). The "in custody" requirement necessitates "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488,

---

[3] Circuit courts are split on whether 28 U.S.C. § 2241 or 28 U.S.C. § 2254 is the proper statute under which a state inmate should proceed when challenging the execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. *See White v Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), (overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010)). The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007). However, it does not appear that the Fourth Circuit has taken a definitive stance on the issue to date. *See also Meeks v. McKoy*, No. 09-6208, 2010 WL 1050047 (4th Cir. March 23, 2010)(holding that § 2254's one year statute of limitations applied to petitioner's challenge of his disciplinary conviction in state habeas action filed originally on a § 2254 petition).

4

490–91(1989). While Petitioner remains in custody on the longest of his concurrent sentences, the thirty day sentence imposed for Petitioner's petit larceny conviction had fully expired when he signed his federal habeas petition on June 25, 2011. Specifically, Petitioner's pleadings state that he was found guilty of the petit larceny conviction, for which he challenges SCDC's sentence calculation, on July 9, 1996, and sentenced to thirty days imprisonment. It appears that SCDC calculated the thirty day sentence to begin on the date it was imposed, and to expire on August 8, 1996. Therefore *Maleng* bars this Court from entertaining his federal habeas petition challenging SCDC's sentence calculation for the petit larceny conviction. *See also Mays v. Dinwiddie*, 580 F.3d 1136, 1140-41 (10th Cir. 2009), cert. denied, 130 S. Ct. 1022 (2009)(petitioner serving two concurrent sentences was not "in custody" for purposes of challenging the constitutionality of the already completed shorter sentence).

Finally, it is noted that Petitioner's sentence calculation claim would be subject to summary dismissal even if he did satisfy the "in custody" requirement for the petit larceny offense. Regardless of whether SCDC miscalculated the "start date" of Petitioner's thirty day petit larceny sentence, he must remain incarcerated until completion of the twenty year concurrent sentence for burglary, first degree. As SCDC's sentence calculation for Petitioner's petit larceny conviction has no effect on Petitioner's ultimate term of imprisonment, a favorable judicial decision on that issue would not entitle Petitioner to sooner release. Therefore, the issue is *moot*.[4] *See Spencer v. Kemna*, 523 U.S. 1, - - - , 118 S.Ct. 978, 983 (1998)("[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"(citation omitted)).

---

[4] Exceptions "to the mootness doctrine include cases where collateral consequences give a sufficient stake in the outcome and cases where the underlying factual predicate is capable of repetition yet evading review." *Nakell v. Attorney General of North Carolina*, 15 F.3d 319, 322 (4th Cir. 1994). In the instant action, Petitioner does not allege any collateral consequences resulting from SCDC's calculation of his thirty day sentence, nor does the issue fall into the "capable of repetition yet evading review" exception.

5

*See also Lane v. Williams*, 455 U.S. 624, 631 (1982)(habeas petitions were moot after prisoners' sentences expired and prisoners had attacked only their sentences); *North Carolina v. Rice,* 404 U.S. 244, 248 (1971)(per curium)("Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."); *Wallace v. Jarvis*, No. 10-7188, 2011 WL 1355195 at *1 (4th Cir. April 11, 2011)(finding appeal moot where prisoner challenged the calculation of an expired sentence).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent.

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

July 18, 2011
Charleston, South Carolina

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 832
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



7